UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]

**Introduction**

    This case arises out of a dispute about reimbursement for out-of-network medical care services. The parties disagree about whether all named defendants are properly joined to the action. Because the Court finds that the only named California defendant is not properly joined to the action, the Court denies the motion to remand the case to state court for lack of complete diversity.

**Procedural Background**

    Plaintiff IV Solutions, Inc. ("Plaintiff") filed a state court complaint against CIGNA Healthcare of California, Inc. ("CHC") and the Connecticut General Life Insurance Company ("CGL") (collectively "Defendants") on June 29, 2015. (Compl.) The complaint alleges four claims: (1) breach of written contract; (2) breach of implied contract; (3) intentional and negligent misrepresentation; and (4) open book account. (Compl. ¶¶ 32–75.)

    There are three motions before the Court. First, Plaintiffs move to remand the case to state court because there is not complete diversity of citizenship between the parties. (Dkt. 16.) Second, Defendants move to dismiss for failure to state a claim upon which relief can be granted. (Dkt. 12.) Finally, Defendants move to strike portions of Plaintiffs complaint under Rule 12(f). (Dkt. 13.)

                                                                                                                                                                   :

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

The Court held a hearing in September 28, 2015. (Dkt. 27.) After the hearing, the Court requested supplemental briefing on the issue of Plaintiff's communications with Defendants' contact numbers. (Dkt. 28.) Finally, the Court ordered Defendant to clarify the terms of its policies. (Dkt. 31.)

**Statement of Facts**

Plaintiff is a California corporation that provides home infusion services for insurance companies. (Compl. ¶ 1.) Around October 20, 2009, a physician's office requested that Plaintiff provide treatment for a patient ("S.G.") suffering from muscular dystrophy related conditions and requiring intravenous administration of Solu-Medrol, methyl prednisolone, and immunoglobulin. (*Id.* ¶ 10.) S.G. was covered by Defendants' insurance and no in-network provider was available to provide the treatment. (*Id.* ¶ 11.)

Plaintiff provides services that fill "network gaps." Under California law, a health insurer must provide for out-of-network services when there is a "network gap." (*Id.* ¶ 12.) A "network gap" occurs when a health insurance provider cannot provide timely health services to a patient. (*Id.*) On or around the same time that Plaintiff received the request from S.G.'s physician, Plaintiff attempted to contact Defendants to gain authorization to perform out-of-network services for S.G. (*Id.* ¶ 13.) Defendants' representative named Charles informed Plaintiff that no authorization was needed for the prescribed medication and infusion services. (*Id.*)

On around October 26, 2009, Plaintiff contacted Defendants in writing to obtain approval for additional treatments. (*Id.* ¶ 14.) In response, the same employee, Charles, called Plaintiff to inform them that no further authorization was required. (*Id.*) Plaintiff explained that they were not a network provider, that it was intending to perform services because of a "network gap," and that it expected to be paid at 100% of its billed charge—notwithstanding limitations or exclusions in CINGNA's normal terms. (*Id.*) Charles agreed to these terms. (*Id.*) Plaintiff also called Defendants for authorization and other employees, including Norshia S. and Cecilia A., stated that pre-authorization was not required. (*Id.*)

Plaintiff sent Defendants written correspondence, memorializing the terms it discussed with Defendants' employees. On around October 27, 2009, Plaintiff sent Defendants a letter memorializing the terms discussed with Charles. (*Id.* ¶ 16.) Plaintiff contacted Defendants again, around November 17, 2009, to obtain authorization for additional services. (*Id.*) This time, Plaintiff negotiated terms with another employee, Claudia N. (*Id.*) Shortly after that conversation, Plaintiff again sent Defendants

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

correspondence, confirming the terms that it had negotiated with Claudia N. (*Id.*)

Plaintiff provided Solu-Medrol treatments to S.G. between October 21, 2009 and September 24, 2013. (*Id.* ¶ 17.) Plaintiff sent Defendants invoices for its billed charge for those treatments. (*Id.* ¶ 18.) Defendants paid some of those claims at the full retail rate and refused to pay other claims. (*Id.* ¶ 19.)

**Motion to Remand**

*Legal Standard*

Defendants removed this action pursuant to 28 U.S.C. § 1441(b), which permits removal based on this Court's diversity jurisdiction, 28 U.S.C. § 1332(a). Generally, "[t]he presence of the nondiverse party automatically destroys original [subject matter] jurisdiction." *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998). However, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Such fraudulently joined "sham defendants" are disregarded for purposes of determining subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is therefore proper. *See McCabe*, 811 F.2d at 1339. But if the defendant is not fraudulently joined, the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c). *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1048 (9th Cir. 2009).

In applying the fraudulent joinder rule, the applicable state law must be "settled" and the complaint's deficiency must be "obvious." *See McCabe*, 811 F.3d at 1339. These stringent standards reflect the "general presumption against fraudulent joinder" that complements the "strong presumption against removal jurisdiction." *Hunter*, 582 F.3d at 1046. Federal courts "strictly construe the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

In order to determine if a defendant is properly joined, the Court may consider extrinsic facts "showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. While the court may consider facts outside the complaint, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Hunter*, 582

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

F.3d at 1044 (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). "[T]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper," and "an inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood*, 385 F.3d at 573–74).

*Discussion*

Plaintiff argues that the Court must remand this case to state court under 28 U.S.C. § 1447(c) because there is not complete diversity of citizenship. (Dkt. 16.) According to Plaintiff, CGL (a Connecticut corporation) and CHC (a California corporation) are both proper defendants. (Dkt. 16, 3.) Plaintiff relies, in part, on the fact that it received a fax of S.G.'s insurance card, stating that S.G. was covered by CIGNA POS and that the card was issued by "CIGNA Healthcare of California, Inc." (*Id.* at 4.) Plaintiff argues that even if S.G.'s out-of-network benefits were provided by CGL, Defendants have not shown that Plaintiff cannot state a claim against CHC. (Dkt. 23, 2.)

Defendants contend that CHC was fraudulently joined because it cannot be liable for claims from out-of-network providers, like Plaintiff, under S.G.'s policy. (Dkt. 18, 1.) Because S.G.'s plan was a "Point-of-Service product," CHC was responsible for in-network benefits and CGL was responsible for out-of-network benefits. (*Id.* at 2.) The dual provision of benefits is indicated on S.G.'s insurance card, which states that the plan was "offered jointly by CIGNA HealthCare of California and Connecticut General Life Insurance Co." (*Id.*) Further, in its supplemental declarations, Defendants provide evidence of S.G.'s insurance coverage for the five years in question and their normal practices for routing phone inquiries. (*See* Dkt. 29; Dkt. 32.)

*Application*

Because CHC's only connection to this case comes through its provision of S.G.'s in-network medical care coverage and the clear and convincing evidence establishes that Plaintiff would not have even spoken with a CHC employee, the Court finds that CHC was fraudulently joined.[1]

Defendant has established that CHC could not be responsible for unpaid fees. The uncontroverted exhibits and declarations offered by Defendants demonstrate that CGL was financially

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000. (*See* Dkt. 16.)

Initials of Preparer  :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

responsible for S.G.'s out-of-network benefits from 2009 to 2012. (Dkt. 32 ¶¶ 7–8.) Another Cigna company, Cigna Health and Life Insurance Company, became financially responsible for S.G.'s out-of-network benefits in 2013. (*Id.*) Thus, CHC cannot be financially responsible for S.G.'s out-of-network treatment provided by Plaintiff. But this does not conclude the required inquiry.

As Plaintiff argues, many of its claims do not rely on which Cigna entity has ultimate financial responsibility for S.G.'s treatment.[2] (*See* Dkt. 23, 5–6.) Nonetheless, here too, the uncontroverted evidence produced by the parties establishes that Plaintiff did not speak with CHC representatives.

Plaintiff's complaint does not differentiate between CHC and CGL.[3] (*See* Compl. ¶ 6.) In subsequent filings to the Court, Plaintiff has represented that it communicated with CHC. (Dkt. 23, 5; Dkt. 30, 2–4.) But this new assertion is self-serving and conclusory. For example, the declaration from Marlene Casillas asserts that "IV Solutions employees spoke with Cigna Healthcare of California, Inc. representatives (Charles, Norshia S., and Cecilia A.) to confirm patient S.G.'s eligibility and to seek treatment authorizations for home infusion medical services." (Dkt. 30-1 ¶ 8.) The declaration does not state how Casillas or anyone at IV Solutions would have known that they were speaking with a CHC employee. Plaintiff does not offer contemporaneous documentary support, a declaration from the employee or employees who spoke with Cigna, or any rationale to explain why they would have spoken with a company not ultimately financially responsible for coverage, other than the company name on S.G.'s insurance card.

Defendant offers evidence that its normal business practices meant that Plaintiff would not have spoken with a CHC employee. Edward P. Potanka offers testimony that it was Defendant's practice to route telephone inquiries to its toll-free numbers to the appropriate group based on the inquiry. (Dkt. 29 ¶ 5.) Here, it is undisputed that Plaintiff was an out-of-network provider. Therefore, for the out-of-network benefits at issue for S.G., Defendant would have routed telephone inquiries to agents or employees of CGL. (*Id.*)

**Conclusion**

---

[2] For example, under California law, negligent misrepresentation requires: (1) misrepresentation, (2) knowledge of falsity, (3) justifiable reliance, and (4) resulting damage. *See Intrieri v. Superior Court*, 12 Cal. Rptr. 3d 97, 108 (Cal. Ct. App. 2004).
[3] Indeed, even in the declaration attached to Plaintiff's motion to remand, Marlene Casillas only states that Plaintiff contacted Cigna, not CHC. (*See* Dkt. 16-1.)

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-05730-SVW-FFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | *IV Solutions, Inc v. CIGNA Healthcare of California Inc et al* | | |

For the aforementioned reasons, the Court DENIES Plaintiff's motion to remand. The Court DEFERS ruling on the Defendant's motion to strike [13] and motion to dismiss [12]. The Court will hold a hearing on these motions on January 11, 2016.

SO ORDERED.

:

Initials of Preparer     PMC