UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IV SOLUTIONS, INC., | Case No. 2:15-cv-05730-SVW(FFMx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| CIGNA HEALTHCARE OF CALIFORNIA, INC., CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and DOES 1 through 25, inclusive, | |
| Defendants. | |

Pursuant to the stipulation of the parties, and good cause appearing therefore, the Court enters the following protective order ("Order") to govern discovery in this action:

1.    STATEMENT OF GOOD CAUSE: This action involves claims related to payments for medical products and services provided to a non-party.  As such, the Parties expressly understand and agree that certain documents and information relevant to the claims and defenses in this action may contain information that is subject to the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); California

Code of Civil Procedure §§ 56 *et seq.*; or other similar statutory or regulatory privacy protections.  The Parties agree that, once adopted, this Order will constitute a Qualified Protective Order under 45 C.F.R. 164.512(e).

2.      In connection with discovery in this action, the Parties may designate certain documents and testimony, or other information derived therefrom, as "Confidential" or "Attorney's Eyes Only" under the terms of this Order.

3.

(a)      "Confidential" information is information that is subject to the HIPAA's Standards or Privacy of Individually Identifiable Health Information; California Code of Civil Procedure §§ 56 *et seq.*; or other similar statutory or regulatory privacy protections, or information which has not been made public and which concerns or relates to the Parties' business practices and falls within Federal Rule of Civil Procedure 26(c)(1)(G), including within the following categories: material protected under the Uniform Trade Secrets Act, California Civil Code section 3426, et seq., in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons, who can obtain economic value from its disclosures or use; information that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; material that is regarded by a Party as being confidential, private, or proprietary in nature, customer lists, confidential financial information of the Parties (including but not limited to profit margins, sales data, profits, and retail sales information); vendor lists; order summaries; confidential contracts; proprietary specifications; documents describing concepts, ideas, proposals, designs, inventions, devices, methods of manufacturing, techniques, development processes, marketing programs, and trade secrets; and customer-confidential information, agreements or relationships with non-parties designated as confidential between the parties to such agreements.

/ / /

(b)     "Attorney's Eyes Only" means any Confidential information that any Party determines in good faith is particularly sensitive, confidential, personal, and/or private, and/or the disclosure of which to persons other than those set forth in Section 7(ii) below is reasonably likely to cause serious competitive harm or other harm.

4.     A party receiving ("Receiving Party") material protected under this agreement ("Protected Material") may use Protected Material disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

5.     By designating a document, testimony or other information derived therefrom as Protected Material labeled "Confidential" or "Attorney's Eyes Only" under the terms of this Order, the Parties are certifying that there is a good faith basis both in law and in fact for the designation.  Such "Confidential" or "Attorney's Eyes Only"materials shall be used solely in connection with this lawsuit, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order should be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the party producing Protected Material ("Producing Party") affix the legend "Confidential" or "Attorney's Eyes Only" on each page that contains protected material, or prominently on each electronic media that contains protected material.

(b)     for testimony given in deposition, the testimony may be designated as "Confidential" or "Attorney's Eyes Only" by making a statement to that effect on

the record at the deposition.  Following the deposition, the party wishing to designate certain testimony as Protected Material ("Designating Party") shall have 30 days, after the transcript becomes available, to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

(c)     for information produced in any other form, including any tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Attorney's Eyes Only."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

7.

(i)     Information or material produced which is designated as "Confidential" may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a.     in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b.     experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action who sign an undertaking, in the form of Exhibit A hereto, confirming that they have reviewed and agree to be bound by the terms of this Order;

c.     court reporter(s) employed in this action;

d.     a witness at any proceeding in this action; and,

e.     any other person as to whom the Disclosing Party agrees in writing.

/ / /

(ii)    Information or material produced which is designated as "Attorneys' Eyes Only" may be disclosed or made available to all of the foregoing persons in Section 7(i) except those set forth in subsections (a) and (d) thereof.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

9.    In the event that any Protected Material is used in any proceeding in this action, the party using such shall take all reasonable steps to maintain its confidentiality or attorney's eyes only status during such use; however, this Paragraph does not apply where the Protected Material appears in the public record.

10.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  If any Protected Material are to be filed with the Court, such papers shall be accompanied by an application to file the papers, or the confidential or attorney's eyes only portions thereof, under seal.  The application must show good cause for the under seal filing.  The application shall be directed to the appropriate judicial officer.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and this Court's published procedures requiring an application to the Court for an order to seal documents.

11.    This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-

confidentiality, or attorney's eyes only or non-attorney's eyes only, of any such document or information or altering any existing obligation of any party or the absence thereof.  Neither the stipulation nor its contents, nor designation of a document as "Confidential" or "Attorney's Eyes Only", nor any party's objection or failure to object to such a designation is admissible as evidence for the purpose of proving or disproving any matter at issue in the litigation.  Further, the Parties agree that the "Confidential" or "Attorney's Eyes Only" designations provided on documents for purposes of production under this Order shall have no evidentiary value.

12.    Inadvertent production of privileged material, or the inadvertent failure to designation material as "Confidential" or "Attorney's Eyes Only", does not waive the privileged,  confidential, or attorney's eyes status of the document or information.

13.    If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Attorney's Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Attorney's Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, and must immediately (a) notify in writing the Designating Party of any disclosures of such Protected Material, (b) use its best efforts to retrieve all copies of the Protected Material, and (c) inform the person or persons to whom disclosures were made of all the terms of this Order.  If the undesignated documents have already been filed with the Court without the confidential or attorney's eyes designation, the Designating Party may move the court for filing of the document under seal.

14.    Any party may challenge the confidentiality or attorney's eyes only designation of the other party, but shall be required to maintain the confidentiality

6

or attorney's eyes only status of the information unless and until a ruling issues designating that the information ought not be deemed "Confidential" or "Attorney's Eyes Only", or the Designating Party fails to seek a ruling on the confidentiality or attorney's eyes only status of the designated material.

15.     A party that elects to initiate a challenge to a Designating Party's confidentiality or attorney's eyes only designation must begin the process by conferring directly with counsel for the Designating Party, pursuant to the Local Rules.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality or attorney's eyes only designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

16.     If the parties are unable to resolve their dispute regarding the confidentiality of the designated material following the meet and confer process set forth herein, the Designating Party must, pursuant to Federal Rule of Civil Procedure 26, and the rules of this Court, file and serve a motion for a protective order that identifies the material designated as confidential or attorney's eyes only and affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Designating Party bears the burden of persuading the Court that the information is Confidential or "Attorney's Eyes Only" within the definitions of those terms set forth above.  In the event a motion for protective order is filed, the Parties will comply with the requirements and procedures set forth in Local Rule 37 and will file the motion in the form of a Joint Stipulation.  If the Parties wish, or a Party wishes, to file the Joint Stipulation under seal, the Parties may file a stipulation to that effect, or the moving party may file an ex parte application making the appropriate request.  The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

17.     In the case of a dispute, the material designated as confidential or attorney's eyes only will be deemed confidential or attorney's eyes only until thirty (30) days following the start of the meet and confer process set forth herein.  If the Designating Party files a motion for a protective order, the designated material maintains its confidentiality or attorney's eyes only designation until the court orders otherwise.  If the Designating Party fails to file a motion for a protective order following the meet and confer process, after thirty days from the start of the meet and confer process, the material is no longer considered confidential or attorney's eyes only, as the case may be.

18.     If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

a.     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

c.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Attorney's Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/ / /

8

19.     Upon written request, at the conclusion of this matter, the Parties hereby agree to promptly return all copies of all Protected Material received; or, in the alternative, such parties may shred all copies of all such Protected Material and promptly send written confirmation from the other Party that it has complied with the terms of this Stipulation.  Notwithstanding, Counsel shall be able to retain a copy of confidential or attorney's eyes only information that has been submitted in a pleading or marked as an exhibit in a deposition.

20.     In the event this action proceeds to trial, if a Party wishes to maintain the confidential or attorney's eyes only nature of any Protected Material, that Party must apply to the district judge in advance of the trial to seal any exhibits or testimony of a confidential or attorney's eyes only nature, or any other Protected Material.  If this litigation is terminated prior to the commencement of trial, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs, and this Court will retain and shall have jurisdiction over the Parties, their attorneys and all recipients of material designated "Confidential" or "Attorney's Eyes Only" for the enforcement of the provisions of this Order following termination of this case prior to trial, and/or to terminate all or some of the provisions of this Order on application by any party.

21.     This Order shall not preclude a party from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

22.     This Order shall be binding upon the Parties to this action, the attorneys for each party and upon any recipient of discovery designated as "Confidential" or "Attorney's Eyes Only" and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or

/ / /

legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

Dated:  May 27, 2016

/s/ Frederick F. Mumm
FREDERICK F. MUMM
United States Magistrate Judge

1

## EXHIBIT A

2

3
**AGREEMENT CONCERNING MATERIAL COVERED BY ORDER
GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION
ENTERED IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

4

5

6

7       The undersigned hereby acknowledges that he or she has read the attached

8   Protective Order ("Order") entered in the United States District Court for the

9   Central District of California, in the litigation entitled *IV Solutions, Inc. v. Cigna*

10  *HealthCare of California, Inc., et al.,* Central District Case No. 2:15-cv-05730-

11  SVW (FFMx), and understands the terms thereof and agrees to be bound by such

12  terms.  The undersigned further acknowledges and understands that a violation of

13  the Order could be punishable as a contempt of Court.

14

15  Dated: _____          _____

16                                               [Signature]

17                                       _____

18                                               [Print Name]

19

20  Executed in _____, _____.

21                         [City]                                   [State]

22

23

24

25

26

27

28